# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| OSCAR MARTINEZ, JR., <br>     Plaintiff, <br><br> v. <br><br> JOHN BUNCICH, individually and in his official <br> capacity as Lake County, Indiana, Sheriff, <br>     Defendant. | CAUSE NO. 2:15-CV-62-JVB-PRC |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Serve Additional Interrogatories on the Defendants [DE 31], filed by Plaintiff on January 20, 2016. Defendant filed a response on January 28, 2016, and Plaintiff filed a reply on January 29, 2016.

In the Motion, Plaintiff asks for the Court's leave to file a second set of interrogatories on Defendant. The additional interrogatories, if allowed, will cause Plaintiff to exceed the interrogatory maximum set by the Court in accordance with the parties' report from their planning meeting held pursuant to Federal Rule of Civil Procedure 26(f).

Plaintiff as the movant, bears the burden to show the necessity of the additional interrogatories. *See Duncan v. Paragon Publ'g, Inc.*, 204 F.R.D. 127, 128 (S.D. Ind. 2001). Plaintiff argues he has met this burden by attaching the proposed interrogatories to his motion. The proposed interrogatories make no legal argument of necessity. Furthermore, the Court does not know the content of the previous interrogatories served on Defendant, and consequently, cannot discern whether these interrogatories are necessary. Plaintiff has not shown, or even asserted, that the additional interrogatories are necessary. Because Plaintiff has not met his burden, his motion is denied.

Additionally, the Federal Rules of Civil Procedure were amended effective December 1,

2015, and both Rules 26 and 33 have changed. Both of the parties refer to the old standard, previously found in Rule 26(b)(1), that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1) no longer includes the "reasonably calculated" language. The new standard is that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Defendant also quotes the old version of Rule 33(a)(1), which provided that "(l)eave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)," whereas the amended rule now requires additional interrogatories to be consistent with Rule 26(b)(1) and (2). *See* Fed. R. Civ. P. 33(a)(1)

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Plaintiff's Motion for Leave to Serve Additional Interrogatories on the Defendants [DE 31].

SO ORDERED this 2nd day of February, 2016.

                                               s/ Paul R. Cherry
                                              MAGISTRATE JUDGE PAUL R. CHERRY
                                              UNITED STATES DISTRICT COURT